**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WILLIAM JONES,**

      **Petitioner,**

   v.                                                **Civil Action No. 1:11cv87**
                                                            **(Judge Keeley)**

**WILLIAM FOX, Warden,**
**St. Mary's Correctional Center,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

On May 27, 2011, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2254, seeking the reversal of his underlying conviction, along with a motion for leave to proceed *in forma pauperis* and a motion for appointed counsel. A notice of deficiency was issued the same day, directing petitioner to file his application on a Court-approved form. On June 9, 2011, an Order was entered, granting *in forma pauperis* status. On that same day, the Court denied the motion for appointed counsel. On June 14, 2011, petitioner filed a Statement of Facts. On July 6, 2011, the Court directed the petitioner to show cause why his petitioner should not be dismissed for failure to provide complete information and use a Court-approved form. On July 11, 2011, petitioner filed his Court-approved form. On July 21, 2011, the petitioner filed exhibits to his Statement of Facts. On August 29, 2011, the court directed the respondent to show cause why the petition should not be granted. On September 21, 2011, the respondent moved for an extension of time in which to respond. By Order entered September 22, 2011, respondent's motion was granted, giving him until October 26, 2011 to respond. On October 24, 2011, the respondent filed his response, along with a motion to dismiss the petition as successive with a

1

memorandum in support. On October 25, 2011, a Roseboro Notice was issued. As of the date of this Report and Recommendation, petitioner has made no reply.

## II. FACTS

### A. Procedural History

Petitioner was indicted in the Circuit Court of Morgan County, West Virginia, of one count of kidnapping in violation of West Virginia Code § 61-2-14, and was convicted of the lesser-included offense of threats to kidnap or demand ransom under West Virginia Code § 61-2-4c. He was sentenced as a recidivist under West Virginia Code § 61-11-18 (Case No. 90-F-3).

On December 23, 1997, Jones filed a § 2254 petition with this court challenging his conviction. See William Jones v. William K. Davis, Civil Action No. 3:97cv149. On March 30, 1999, the petition was dismissed without prejudice for failure to exhaust state remedies. (Dkt.# 18).

On June 24, 1999, Jones filed another § 2254 petition with this court again challenging his 1991 conviction. See William Jones v. Howard Painter, Civil Action No. 3:99cv59. By Order entered April 5, 2001, the court granted the respondent's Motion for Summary Judgment and denied and dismissed the petition on the merits, after addressing each of the petitioner's grounds for relief. (Dkt.# 13-3). Jones appealed the denial of his federal habeas petition to the Court of Appeals for the Fourth Circuit. See William Jones v. Howard Painter, Docket No. 01-6771. The appeal was dismissed by unpublished *per curiam* opinion and judgment order filed October 11, 2001, and the mandate issued on November 2, 2001. (Dkt.# 13-4).

On November 20, 2008, petitioner filed another § 2254 petition with this court, again challenging his underlying state conviction. By Order entered on April 14, 2009, the court granted the respondent's Motion to Dismiss Petition as Successive, denying and dismissing the petition. See William Jones v. Teresa Waid, Civil Action No. 3:08cv171. (Dkt.# 22)

## III. ANALYSIS

2

The present petition, filed on May 27, 2011, is the third petition Jones has filed regarding his underlying state conviction.[1] Pursuant to 28 U.S.C. §2244(b)(3) prior to filing a successive petition with the district court, a petitioner must seek an order from the court of appeals authorizing the district court to consider the application.[2] In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002).

Jones' second petition was denied and dismissed on the merits. Therefore, the present petition is successive. Because he has not obtained authorization from the Fourth Circuit Court of Appeals to file his successive §2254 motion in this Court, this Court is without authority to hear his successive motion.

### IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss Petition as Successive be **GRANTED** (Dkt.# 27) and petitioner's §2254 petition (Dkt.# 1) be **DENIED** and **DISMISSED with prejudice.**

---

[1] Technically, this is the fourth § 2254 petition filed by Jones, but the first was dismissed without prejudice for failure to exhaust his state remedies.

[2] 28 U.S.C. § 2244 states in pertinent part:
>  **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>  **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>  **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>  **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>  **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>  **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>  **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Any party may file, **within fourteen (14) days** after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: January 17, 2012

                                             /s/ James E. Seibert
                                             JAMES E. SEIBERT
                                             UNITED STATES MAGISTRATE JUDGE